

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 9, 1969.

Honorable J. W. Edgar                M-332
Commissioner of Education
Texas Education Agency               Re: Questions concerning
201 East 11th Street                     when a student may be
Austin, Texas   78711                    legally suspended or
                                         expelled from school
                                         for drug abuse charges
                                         upon which a local
                                         school board finds the
                                         student guilty without
                                         awaiting disposition
                                         of criminal charges
                                         in court, and related
Dear Mr. Edgar:                          questions.

   You have requested the opinion of this office concerning
certain disciplinary powers on the part of the board of
trustees of an independent school district.  Restated, your
questions are as follows:

   1.   May the board of trustees suspend or expel
   a student from school on the basis of an indict-
   ment for a narcotics offense (i.e., illegal pos-
   session, use,  or sale of prohibited drugs).

   2.   May the board of trustees suspend or expel
   a student accused of a narcotic offense following
   a hearing before the school board without awaiting
   the disposition of criminal trial in the courts.

   3.   Would the members of the school board be liable
   in damages for expelling a student for narcotic
   violation if such student were subsequently found
   innocent in the state court.

   In preparing this opinion, this office has examined the
disciplinary policies enacted by the school district in
question.  It is noted that prior to November 12, 1968,
there was no policy concerning dangerous drugs and narcotics.

-1631-

It is our opinion that the board of trustees would have no authority to expel a student for narcotic-connected offenses occurring prior to that date.

Since November 12, 1968, the following policy has been in effect:

> "Any student known to have a dangerous drug or narcotic drug in his possession, or known to be under the influence thereof, while in school or while participating in a school-sponsored function, after due notice to the violator and after hearing before the Board of Trustees and if found guilty, the student shall be expelled for the balance of the semester and no credits be given to the student for the semester.

> "Any student who shall have been convicted of a misdemeanor or felony for the possession, use, or sale of a dangerous drug or narcotic drug while outside the school, will be expelled by the Board of Trustees for the current semester, and no credit be given to the student for the semester."

Pursuant to the above policy, the board of trustees is now enabled to exercise such powers as are delineated in the recent case of Cornette v. Aldridge, 408 S.W.2d 935 (Tex.Civ.App. 1966, err.ref.), wherein the following statements appear:

> "The courts will not interfere with the exercise of discretion by school directors in matters confided by law to their judgment, unless there is a clear abuse of the discretion, or a violation of law.  So the courts *** will not consider whether the regulations are wise or ex-pedient, but merely whether they are a reasonable exercise of the power and discretion of the board. Acting reasonably within the powers conferred, it is the province of the board of education to deter-mine what things are detrimental to the successful management, good order, and discipline of the schools *** .  The presumption is always in favor of the reasonableness and propriety of a rule or regulation

duly made. The reasonableness of regulations is a question of law for the courts.

"...the right to attend public schools is conditioned on compliance by pupils with established reasonable rules, regulations and requirements of the school authorities, breaches of which may be punished by suspension or expulsion and that the school authorities have the right to define the offenses for which the punishment of exclusions may be imposed, to determine whether the offense has been committed and that such discretion vested in school authorities is very broad.

"...its acts will not be interfered with nor set aside by the courts, unless there is a clear abuse of the power and discretion conferred. Acting reasonably within the powers conferred, it is the province of the board of education to determine what things are detrimental to the successful management, good order, and discipline of the schools and the rules required to produce these conditions.

"...We agree with the Supreme Court of Tennessee in State ex rel. Sherman v. Hyman, supra, to the effect that a fair hearing before school officials does not contemplate a trial as in a chancery court or court of law. The student should be given every fair opportunity of showing his innocence, which Aldridge had. When they have done this and the disciplinary committee has reached a conclusion, they have done all the law requires them to do." (Emphasis added.)

It is, therefore, the opinion of this office that a school board may expel a student for a narcotic violation while in school or participating in a school sponsored function as set forth in Section 1 of its disciplinary policies governing Dangerous Drugs and Narcotics following a hearing before the board without regard to the disposition of any criminal proceedings in the state court.

It is our opinion that a student may be expelled following a hearing before the board if it be shown that such

student had been finally convicted as set forth in Section 2 of the policy on Dangerous Drugs and Narcotics.

It is further our opinion that liability on the part of the members of the school board is governed by the general rule in such matters and that no such liability would arise in the absence of malice or gross misconduct on the part of the board.

However, there could be no right to expel or suspend from school on the sole basis of an indictment. Such a policy would be unreasonable. It is a basic tenet of criminal law that an indictment is merely a written statement of a grand jury accusing a person of some act or omission which, by law, is declared to be an offense; it constitutes no evidence of guilt and may not be considered for any purpose other than as a legal pleading whereby a case is brought into court for a hearing. See Articles 21.01, et seq., Vernon's Texas Code of Criminal Procedure, and cases annotated thereunder.

You are, therefore, advised that the school board would not be authorized to act solely on the basis of an indictment or complaint, but that it would be necessary to have a hearing of its own wherein the student is given every fair opportunity of showing his innocence of the offense charged. Dixon v. Alabama, 294 F.2d 150 (5th Cir. 1961), holding that the rudiments of an adversary proceeding must be preserved to the end that the requirements of due process of law will have been fulfilled.

## S U M M A R Y

When a school board has published a discipline policy concerning Dangerous Drugs and Narcotics, a student may be expelled for violation of such policy.

The school board must conduct its own hearing, and disposition of state court charges will have no effect on the action of the board (except as evidence).

The board incurs no liability if its actions are reasonable, but it may not legally suspend or expel a student from school solely on the basis of an indictment for a narcotics offense. The student is entitled to a hearing in which he is given every fair opportunity of showing his innocence of the offense charged and the requirements of due process of law must be fulfilled before a school board may expel a student.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Howard M. Fender
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Kerns Taylor, Chairman
George Kelton, Vice-Chairman
John Banks
Mark White
Tom Bullington
Bob Darden

Hawthorne Phillips
EXECUTIVE ASSISTANT